FIRST NATIONAL BANK OF CHARLOTTE v. IREDELL LAND
COMPANY.

RES JUDICATA.—Order granting a suing creditor the right to prosecute
his suit to judgment in action already begun, but not ended, when
receiver was appointed at instance of another creditor, and creditors
enjoined from suing, and required to come in such suit, *held* to be
*res judicata* as to the question of priority, and under it such creditor
ranks as judgment creditor as against those setting up claims in
receiver suit. MR. JUSTICE JONES *dissents.*

Before BENET, J., York, July term, 1900.    Affirmed.

Action in nature of creditor's bill by First National Bank
of Charlotte, N. C., against Iredell Land Company.    The
National Union Bank of Rock Hill was made party by ser-
vice of summons and complaint and restraining order.  Upon
coming in of referee's report on claims, Judge Benet passed
the following order:

"On application to Judge Ernest Gary, at chambers, he
made an order on the 5th of April, 1899, appointing A. E.
Smith receiver of the property of the Iredell Land Company,
and enjoining all creditors from suing or prosecuting their
demands against said company, etc., but further providing
therein as follows, and said A. E. Smith qualified by filing
his bond on April 7th, 1899.  '4th. It is further ordered,
that any creditor who at the date of this order has a suit
pending, or that may be affected by the terms of this order,
be served with a copy of the same, and that he may move at
the present ensuing term of Court, or thereafter, to vacate or
modify the same if so advised.'   It appears that the National
Union Bank of Rock Hill, S. C., had a suit then pending
against said Iredell Land Company on a past due note, that
the summons and complaint therein had been served on the
28th day of February, 1899, and that no answer, demurrer
or notice of appearance had been put in by the Iredell Land
Company.   Upon a copy of the said order by Judge Gary
being served upon the National Union Bank, it moved before
Judge Gary for an order vacating said order of the 5th of

April, and for such other and further relief as may be proper. Thereupon Judge Gary, on the 12th day of April, 1899, made the following order: 'After hearing the argument of counsel, and on motion of Wilson & Wilson, attorneys for the National Union Bank of Rock Hill, S. C., a creditor of said Iredell Land Company, with action pending, it is ordered, that the order heretofore made in above cause restraining creditors of the Iredell Land Company from suing or prosecuting their demands save in said cause, be, and the same is hereby, so modified as to allow the said The National Bank of Rock Hill, S. C., to prosecute its action against the said Iredell Land Company to final judgment without hindrance or prejudice under the terms of said order.' The National Union Bank thereafter duly proceeded to take and enter up the final judgment in said action against the Iredell Land Company, and upon the creditors being called in under order of Court in said cause, said judgment was duly proved before W. Brown Wylie, special referee, in accordance with the order of the Court, and said bank claims that said judgment was a lien upon the land of the said Iredell Land Company, and is entitled to be first paid out of the proceeds of the sale thereof, which sale was made by A. E. Smith, receiver, under order of Court.

"I must hold that this contention on the part of the National Union Bank is correct, and that such was the effect intended by the order of Judge Gary in so modifying his order of April 5th as to allow the National Union Bank to prosecute its action against the said Iredell Land Company to final judgment without hindrance or prejudice, under the terms of said order; otherwise, the language used would be without force or meaning when the two orders are construed together, and especially when the fact is considered that the claim of the National Union Bank was not being contested by the Iredell Land Company, and that the default in answering the complaint had already been made. While it is admitted that generally the rights of all parties are fixed at the date of the appointment of a receiver and the taking

charge of the property by the Court, yet in this instance this general rule cannot be held to apply, as Judge Gary, in making the order appointing the receiver therein, specifically reserved the right to have the same modified in the manner and to the effect accomplished by his order of April 12th, above mentioned.

"It is, therefore, adjudged that said judgment of the National Union Bank of Rock Hill, S. C., against the Iredell Land Company *et al.*, was a first lien upon the lands sold by A. E. Smith, receiver, and is entitled to be first paid out of the proceeds of the sale thereof, after the payment of costs, commissions and fees as hereinafter provided. * * *"

From this decree the plaintiff appeals.

*Mr. James F. Hart,* for appellant, cites : *Upon appointment of receiver all assets are transferred to custody of Court:* 30 S. C., 205; 9 S. C., 318. *As to the construction of orders of Judge Gary:* 35 S. C., 100; 11 Ency., 517, 519, 520; 122 U. S., 131; 20 Wall., 12.

*Messrs. Wilson & Wilson,* for National Union Bank, contra.

April 18, 1901.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   It seems from the record that the defendant, the National Union Bank of Rock Hill, S. C., held a note for about $4,947.77, given to it by the defendant, the Iredell Land Company, which became due prior to 28th February, 1899, and on that date suit was brought thereon in the Court of Common Pleas for York County, S. C., and the defendant, the Iredell Land Company, neither appeared nor answered.   That on the 30th day of March, 1899, the plaintiff, the First National Bank of Charlotte, N. C., while holding a note for some $1,900, made to it by the defendant, the Iredell Land Company, but which note would not have matured for four months from its date, to wit: on the 24th

day of June, 1899, learned that the said Iredell Land Company was either insolvent or in imminent danger of insolvency, and that assets of said land company consisted of about fifty acres of land near the corporate limits of Rock Hill, S. C., and worth about $5,000, brought suit in the usual form of a creditor's bill in equity, by which, after setting out all the foregoing facts, it prayed: "a. That a receiver may be appointed by this honorable Court to take charge of, collect and administer the assets of said defendant corporation. b. That the creditors of said defendant corporation be called in and be present and establish their several demands before this Court in this action. c. That all creditors of said defendant land company be enjoined and restrained from prosecuting their several demands save in this honorable Court and in this action. d. That plaintiff have judgment upon the maturity of its obligation for the sum of $1,900 and for such other and further relief as may seem equitable and meet." Immediately after the service of the summons and complaint, the Iredell Land Company met and determined that it was its duty not to resist the appointment of a receiver nor to create any delay; hence its attorney, by formal resolution, was directed to answer such complaint by admitting the allegations thereof and by consenting to the relief prayed for. Accordingly, on the 5th day of April, 1899, at chambers, Judge Ernest Gary passed the following order: "It appearing that due notice of the motion herein was served March 31st last, and that the defendant by its answer admits plaintiff's equity as prayed for, now, on motion of Jas F. and Jno. R. Hart, attorneys for plaintiff, it is ordered: 1st. That A. E. Smith, upon entering into bond in the sum of $3,000, payable to the clerk of the court of common pleas for York County, conditioned as required by the act of the General Assembly of 1897, be, and he is hereby, appointed receiver in this action, with such authority over the property and the assets of the defendant corporation as is conferred by law and by the usage of this Court, conditioned for the faithful performance of his duties as such receiver. 2d. It is fur-

ther ordered, that all creditors of the defendant, Iredell Land Company, be, and they are hereby, enjoined from suing or prosecuting their several demands against said defendant corporation save in this action and in this Court. 3d. Any person becoming a party to the cause herein may move for such other and further order as he may be advised. 4th. It is further ordered, that any creditor who at the date of this order has a suit pending, or that may be affected by the terms of this order, be served with a copy of the same, and that he may move at the present ensuing term of Court, or thereafter, to vacate or modify the same, if so advised. The value of the property of said corporation is shown in the pleadings to be $5,000. 5th. That the complaint, answer, proof and exhibits be filed with this order."

On the 7th day of April, 1899, A. E. Smith filed his bond with sureties, which bond was approved and he entered upon the discharge of his duties as receiver. Thereafter the National Union Bank of Rock Hill, S. C.—no other creditor uniting with it—made a motion to revoke the order appointing a receiver, &c., and on the 12th day of April, 1899, Judge Ernest Gary passed the following order: "After hearing argument of counsel, and on motion of Wilson & Wilson, attorneys for the National Union Bank of Rock Hill, S. C., a creditor of said Iredell Land Company, with action pending, it is ordered, that the order heretofore made in the above cause restraining creditors of the Iredell Land Company from suing or prosecuting their demands save in said cause, be, and the same is, so modified as to allow the said the National Union Bank of Rock Hill, S. C., to prosecute its action against the said Iredell Land Company to final judgment without hindrance or prejudice, under the terms of the said order." No appeal was taken from this order, and the National Union Bank of Rock Hill, S. C., took its judgment in April, 1899, against the Iredell Land Company for nearly $5,000, in its suit against said the Iredell Land Company. Thereafter, creditors were called in to present their demands in the action of First National Bank of Charlotte, N. C.,

against the Iredell Land Company, and the defendant, the National Union Bank of Rock Hill, S. C., presented its claim as a judgment before the clerk of the court for York County, and was reported as a judgment by said clerk in his report upon the claims of creditors. In the meantime, orders had already been passed providing for the sale of the lands which belonged to the Iredell Land Company, and the proceeds of such sales were in Court. However, in due time the First National Bank of Charlotte, N. C., excepted to the rank accorded by this referee in his report on claims to the alleged judgment of the National Union Bank of Rock Hill, S. C., upon the ground that, whereas, Judge Ernest Gary had appointed a receiver, who took charge of all the property of the Iredell Land Company five days before the National Union Bank of Rock Hill, S. C., took its judgment against said land company, that, therefore, it had to come in and take its *pro rata* share of such assets with all other creditors. When this matter was heard by Judge Benet, he held that a proper construction of the order of 12th April, 1899, made by Judge Ernest Gary, would require the National Union Bank of Rock Hill, S. C., to rank as a judgment creditor. The Reporter will publish Judge Benet's decree in his report of the case. From that decree of Judge Benet this appeal is taken upon the following exceptions: 1st. For error in holding that the effect of the order of April 12th, 1899, permitting judgment to be taken by the National Union Bank, respondent, gave it priority of payment out of the monies in the hands of A. E. Smith, receiver. 2d. For error in not holding that upon the appointment of a receiver for the insolvent corporation, the Iredell Land Company, all of its assets were placed in *custodia legis,* and that no liens could be acquired over these assets by judgment or otherwise, unless the order appointing the receiver had been revoked and the assets returned to the defendant corporation." If it was an original pure question of law, we would unquestionably hold that the appellant is right in contending that the appointment of a receiver, and passing an order forbidding all suits against

the insolvent, except in the action wherein the receiver was appointed, effectually shuts the door against any person presenting, as a judgment, one obtained after a receiver was appointed; but we agree with Judge Benet in his construction of the two orders, one dated 5th April, 1899, and one on 12th April, 1899, passed by Judge Ernest Gary. No party to the cause at bar—and both of such orders were passed in the cause at bar—took any appeal therefrom at the time of their rendition, nor have they attempted to do so in the present instance—we mean, at this hearing before us. When an order is passed in a cause and no appeal is taken therefrom, *such order is the law of that case.* It seems the passage of the order of the 12th April, 1899, was contested before Judge Gary, and yet no appeal was taken from it. We need not multiply words. We are powerless to help the appellant, and all owing to his failure to appeal from the order in question. The exceptions must be overruled.

It is the judgment of this Court, that the judgment appealed from be affirmed.

MR. JUSTICE JONES, *dissenting.* I am unable to concur in the opinion by Mr. Justice Pope in this case. There can be no doubt that the order appointing a receiver of the property of the insolvent corporation operated to place the property in the custody of the Court, and that no judgment thereafter rendered could acquire any lien or priority over said property. *Regenstein* v. *Pearlstein,* 30 S. C., 192. This principle, I understand, is admitted, but the point is made that the order of Judge Gary, dated 12th April, 1899, so modified the order of 5th April, 1899, as to render the judgment obtained by the National Union Bank after the property was in *custodia legis,* a lien on such property. Such an order, to say the least of it, would be a very remarkable and unusual one, and its language should be very clear and compelling before any Court should give it such construction. The order is: "After hearing argument of counsel, and on motion of Wilson & Wilson, attorneys for the National Union Bank of

Rock Hill, S. C., a creditor of said Iredell Land Company, with action pending, it is ordered, that the order heretofore made in the above case restraining creditors of the Iredell Land Company from suing or prosecuting their demands save in said cause, be, and the same is hereby, so modified as to allow the said the National Union Bank of Rock Hill, S. C., to prosecute its action against the said Iredell Land Company to final judgment without hindrance or prejudice, under the terms of said order. Ernest Gary, presiding Judge." There is absolutely nothing in the order which purports to vary or modify the appointment of the receiver and his custody of the property. Of course, Judge Gary was aware of the legal effect of placing the property of the insolvent in the hands of a receiver, and we imagine he would not mean to alter rights fixed by the appointment of a receiver, without expressing it in unmistakable language. The object of a receivership is to do justice by an equal distribution of the insolvent's assets among his creditors, according to their rights at the time of the appointment. The practical effect of Mr. Justice Pope's construction of Judge Gary's order is to give one creditor all the assets of the insolvent under an alleged priority acquired after the receivership. Is a result so unjust compelled by the terms of the order? I think not. The order merely permits the creditor who was suing at the time of appointment of the receiver, "without hindrance or prejudice, under the terms of the order," restraining prosecution of action against the insolvent, *to prosecute its action against the insolvent to final judgment.* The words "without hindrance or prejudice" relate solely to the prosecution of the suit and not to the effect of the final judgment. That is to say, the order restraining suits was vacated, so far as the National Union Bank was concerned. Said bank's rights under the final judgment were to stand as if no restraining order had been issued, and prosecution of the action would no longer subject it to a process for contempt, as in case of disobedience of the original order. It would hardly be contended, if no restraining order had ever been

issued, that the judgment obtained after the appointment of the receiver would become a lien upon the assets in the custody of the Court.·

There is another construction of the order which I think is permissible, if the words "without hindrance or prejudice" do not relate wholly to that part of the order restraining the prosecution of suits. These words may have been intended to guard the rights of all the creditors under the order appointing the receiver. That is to say, such final judgment shall be without prejudice to the rights of creditors as fixed by the order appointing the receiver. I cannot think that Judge Gary intended to affect the rights of the creditors as fixed in the order of receivership, and give a single creditor a preference in the distribution of the insolvent's assets.

I think, therefore, that the appellant's exceptions should have been sustained and the judgment of the Circuit Court reversed.